# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RAHKEYAH HOWARD | 14-50-SDD-RLB |

## RULING

This matter is before the Court on the *Motion for Reduction of Sentence Pursuant to the Holloway Doctrine*[1] by Defendant, Rahkeyah Howard ("Defendant"). The Government has filed an *Opposition*[2] to this motion. For the following reasons, the motion shall be denied.

### I.    BACKGROUND

On October 2, 2014, Defendant was charged in a *Superceding Indictment*[3] with Count One, conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine; and Count Seven, possession of a firearm in furtherance of a drug trafficking offense. On March 18, 2015, Defendant pled guilty to Count One pursuant to a written *Plea Agreement*.[4] Count One carried a five-year mandatory minimum.

In the Presentence Investigation Report ("PSR"), Defendant's base offense level was calculated at 24.[5] Defendant received a two-point enhancement for possessing a

---

[1] Rec. Doc. No. 214.
[2] Rec. Doc. No. 219.
[3] Rec. Doc. No. 82.
[4] Rec. Doc. Nos. 132 and 134.
[5] Rec. Doc. No. 152, ¶40.
41416

firearm[6] but also received a three-point reduction for acceptance of responsibility.[7] A criminal history category of I and a total offense level of 23 resulted in a guideline range of imprisonment of 46 to 57 months; however, the statutory minimum sentence was greater at 60 months.[8] Accordingly, the Court imposed the mandatory minimum sentence of 60 months.[9]

Having been incarcerated for approximately three years, Defendant now moves this Court for a sentence reduction pursuant to the so-called "*Holloway* doctrine."

## II. LAW AND ANALYSIS

The "*Holloway* doctrine" derives its name from the case of *United States v. Holloway*[10] decided by district court for the Eastern District of New York. In *Holloway*, a district judge encouraged the United States Attorney's Office to agree to vacate two or more of a defendant's lawfully-obtained convictions, even though "all appeals and collateral attacks ha[d] been exhausted and there [was] neither a claim of innocence nor any defect in the conviction or sentence,"[11] because the judge believed that the defendant's sentence of nearly 58 years was excessive.[12] Importantly, the United States agreed to vacate two of his convictions, and only then did the court reduce the defendant's sentence. The *Holloway* court did not claim any broad inherent or residual power to reduce sentences. Indeed, to the contrary, the court "recogniz[ed] that there were ... no legal avenues or bases for vacating" the defendant's judgment.[13] The

---

[6] *Id.* at ¶¶ 31, 33, and 41.
[7] *Id.* at ¶¶ 47-48.
[8] *Id.* at ¶¶ 84-85.
[9] Rec. Doc. Nos. 184, 185, and 186.
[10] 68 F.Supp.3d 310 (E.D.N.Y. 2014).
[11] *Id.* at 311.
[12] *Id.* at 314.
[13] *Id.*

41416

sentence reduction in *Holloway* depended entirely on the United States' acquiescence. As the court observed, the use of the Government's "power to walk into courtrooms and ask judges to remedy injustices" "poses no threat to the rule of finality" because "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly."[14] The "*Holloway* Doctrine" described above has no application whatsoever to this Defendant's case because the United States opposes any reduction of Defendant's term of imprisonment.[15]

Moreover, as the district court for the Northern District of Texas succinctly stated in *Setser v. United States*:

> [I]nsofar as Petitioner suggests that the "Holloway doctrine" grants courts broad residual power to reduce a sentence, neither the United States Supreme Court nor the United States Court of Appeals for the Fifth Circuit have ascribed to such a conclusion. To be sure, neither has even addressed the Holloway doctrine. Moreover, in *Holloway*, the government cautioned that its position should not "be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Holloway*, 68 F. Supp. 3d at 315. Thus, as stated previously, *Holloway* is neither binding nor persuasive, or for that matter, particularly instructive. Certainly, it was not intended to be doctrinal.[16]

This Court agrees with the analysis of the *Setser* court with respect to the so-called "*Holloway* Doctrine." Defendant's motion is DENIED.

Defendant has likewise failed to identify any statutory authority for a sentence reduction, and this Court lacks jurisdiction to modify Defendant's sentence under 18 U.S.C. § 3582(c), which provides that a final sentence may only be modified in three ways: (1) upon motion of the Director of the Bureau of Prisons; (2) pursuant to a Federal

---

[14] *Id.* at 316.
[15] *See* Rec. Doc. No. 219.
[16] *Setser v. United States*, No. 17-cv-0970-M-BK, 2017 WL 2817429 at *2 (N.D. Tex. June 10, 2017).
41416

Rule of Criminal Procedure 35(b) motion by the Government; and (3) pursuant to a sentencing range lowered by the United States Sentencing Commission under 28 U.S.C. § 994(o). Federal Rule of Criminal Procedure 35(a) also permits a court to correct a sentence resulting from an arithmetical, technical, or other clear error within 14 days of sentencing. Clearly, none of the criteria for modifying a sentence are met here; indeed, they are not even argued.

## III. CONCLUSION

For the reasons set forth above, Defendant's *Motion for Reduction of Sentence Pursuant to the Holloway Doctrine*[17] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 21, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. No. 214.